(No. 2746—

J. E. BANGS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1937.*

GEORGE C. DIXON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint herein alleges that on the 14th day of February, A. D. 1934, the claimant was the owner of certain goods and chattels valued at $139.70, which he then kept in a certain building located at 105-110 North Galena Avenue in the City of Dixon; that on said date said goods and chattels were taken from said building without the knowledge or consent of the claimant; that the claimant is informed and believes that said goods and chattels were taken by certain inmates of the Dixon State Hospital, who had escaped from such institution on that day.

Claimant seeks an award for the value of such goods and chattels, and bases his right of recovery upon the provisions of an Act of the General Assembly entitled, ''An Act Concerning Damages Caused by Escaped Inmates of Charitable Institutions over which the State has Control,'' approved June 21st, 1935, (State Bar Assn. Revised Statutes, 1937, Chapter 23, Par. 372-A) which said Act provides as follows:

"Whenever a claim is filed with the Department of Public Welfare for payment of damages to property, or for damages resulting from property being stolen, heretofore or hereafter caused by an inmate who has escaped from a charitable institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Public Welfare shall conduct an investigation to determine the cause, nature and extent of the damages inflicted and if it be found after investigation that the damage was caused by one who had been an inmate of such institution and had escaped, the said Department may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have power to hear and determine such claims."

The Attorney General has moved to dismiss the case, and the cause now comes on for hearing upon such motion.

If the claimant has any right to an award, it must arise by virtue of the statute above quoted, as we have heretofore held that there is no liability on the part of the State under the facts set forth in the complaint, in the absence of a statute imposing such liability. *Bangs* vs. *State,* 8 C. C. R. 508.

Claimant's right to an award being based upon the provisions of the aforementioned statute, he must bring himself within the provisions of such statute.

As we view the matter, the statute contemplates the filing of a claim in the first instance with the Department of Public Welfare, and an investigation by said Department. If, as the result of such investigation, the Department finds that the damage was caused by an escaped inmate of a charitable institution over which the State had control, and while said inmate was at liberty after his escape, the Department may, but is not required to, recommend to this court that an award be made to the injured party. Upon such recommendation being made, and not until then, has this court any jurisdiction to consider the matter.

From the complaint herein it appears that the claimant filed his claim in this court on October 29th, 1935, and at the same time requested the Department of Public Welfare to conduct an investigation and make its recommendation to this court.

There is nothing in the complaint or in the record to show that any investigation has been made by the Department of Public Welfare, or that any recommendation has been made by such Department.

For aught we know, if and when such investigation is made, the Department of Public Welfare may find that the damage was not caused by an escaped inmate; or for other reasons it may recommend the disallowance of the claim; or it may make no recommendation whatsoever;—in any of which events we have no authority to allow an award.

The statutory requirements are preliminary and prerequisite to the filing of a claim in this court, and we have no authority to entertain or consider a claim of this character until such requirements have been complied with.

The complaint in this case has been filed prematurely, and therefore the motion of the Attorney General to dismiss must be sustained.

Motion to dismiss allowed. Case dismissed.